ROBERT M. PARKER, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority that when a vocational expert’s testimony is in conflict with the DOT, the ALJ may rely on the vocational expert’s testimony if the record *148 reflects a substantial reason for doing so. See Haddock v. Apfel, 196 F.3d 1084 (10th Cir.1999). Although the DOT is due deference, it does not and cannot cover every possible permutation of human impairment. A vocational expert’s testimony that, in-a particular case, a claimant can or cannot perform a specific job or class of jobs must be taken into consideration by the ALJ. I therefore agree that we should decline to reverse the Commissioner’s determination on the basis of the conflict between the vocational expert’s testimony and the DOT.
However, I find merit in Carey’s claim that the ALJ’s decision was not supported by substantial evidence. The medical expert gave an inaccurate summary of Carey’s medical records, the vocational expert’s testimony relied, in part, on that inaccurate summary and the ALJ specifically found that the medical expert, gave credible testimony. The ALJ was clearly in error when he relied on Medical Vocational Guideline 202.21, a fact that the majority acknowledges. Based on these errors, I would reverse this case and remand it for a determination of Carey’s eligibility for disability insurance payments in light of a complete and accurate record.
I respectfully dissent.